Fannie G. Newman, Appellant, *v.* The State Bank, Respondent.

(Supreme Court, Appellate Term, July, 1910.)

**Banking — Deposits — Repayment of deposits and to whom banks liable therefor — Payment on forged draft.**

A bank other than a savings bank is bound to know the signature of its depositor in the absence of an agreement to the contrary; and, in a suit by a depositor to recover moneys deposited and paid out by a bank on a forged draft, it is error for the court to charge the jury that the bank was obliged to use ordinary care only in recognizing the signatures of its depositors.

Appeal by the plaintiff from a judgment of the City Court of the city of New York, entered in favor of defendant and from an order denying plaintiff's motion for a new trial.

Stackell & Louis, for appellant.

Feltenstein & Rosenstein, for respondent.

Bijur, J. This action was brought by a depositor to recover the amount of her deposit in the defendant bank. It was claimed that the sum was drawn out by another party on a forged draft and on production of the pass-book.

The complaint alleges that the defendant is " engaged in the business of a savings bank." The answer denies that fact. While there is no direct testimony on this point, several items in the evidence submitted by defendant indicate plainly that the bank is not a savings bank, as defined by the Banking Law, section 2. ·

Defendant's exhibit 1 shows that on the plaintiff's bankbook was printed a provision, usual in the case of savings banks, in the following words: " This bank will endeavor to prevent frauds on its depositors, yet all payments to per-

sons producing the pass-book issued by the bank shall be valid payments to discharge the bank."

This provision is of no legal effect, except in the case of a savings bank, and then only "if prescribed by the board of trustees." See Banking Law, § 143.

Defendant offered no proof that such a by-law had been so adopted.

On this state of the evidence, defendant must be held, as an ordinary bank, to know the signature of a depositor at its peril, unless it can show that an agreement to a different effect had been entered into between the plaintiff and itself. Of such an agreement there was no evidence, except the provision printed in English on the pass-book, to which the plaintiff did not assent, as she could not read English and there is no testimony that it was ever called to her attention. See Siegel v. State Bank, 123 N. Y. Supp. 220, and authorities therein cited.

While plaintiff's requests to charge were properly denied by the court (inasmuch as, though stating the law correctly, they asked for a direction of a verdict in favor of the plaintiff, where the substantial facts were in dispute), due exception was taken to the charge of the court that the bank was obliged to use only ordinary care in recognizing the signatures of its depositors. As there could be no valid claim on the evidence that plaintiff misled the bank into recognizing the forged signature, the case was submitted to the jury on an entirely erroneous theory.

SEABURY and GUY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.